IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| Paul Garvin, individually and on behalf of all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | No. 1:18-cv-289 |
| Vital Recovery Services, LLC, a Georgia limited liability company, ) ) ) | |
| Defendant. ) | Jury Demanded |

**COMPLAINT – CLASS ACTION**

Plaintiff, Paul Garvin, individually, and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), for a finding that Defendant's form debt collection letters violated the FDCPA, and to recover damages for Defendant's violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant resides and transacts business here.

**PARTIES**

3. Plaintiff, Paul Garvin ("Garvin"), is a citizen of the State of Indiana, residing in the Southern District of Indiana, from whom Defendant attempted to collect a defaulted consumer debt he allegedly owed originally to WebBank.

4. Defendant, Vital Recovery Services, LLC ("Vital"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, defaulted consumer debts. Vital operates a regional debt collection business and attempts to collect debts from consumers in several states, including consumers in the State of Indiana. In fact, Defendant Vital was acting as a debt collector as to the defaulted consumer debt it attempted to collect from Plaintiff.

5. Vital is authorized to conduct business in the State of Indiana, and maintains a registered agent here, see, record from the Indiana Secretary of State, attached as Exhibit A. In fact, Defendant Vital conducts business in Indiana.

6. Vital is licensed as a debt collection agency in the State of Indiana, see, record from NMLS Consumer Access, attached as Exhibit B. In fact, Vital acts as a collection agency in Indiana.

**FACTUAL ALLEGATIONS**

7. Vital sent Mr. Garvin an initial form collection letter, dated August 28, 2017, demanding payment of a debt that he allegedly owed originally to WebBank. This letter stated that the "Current Creditor" was "Consumer Lending Receivables Trust 2016- B", but also stated that "YOUR LENDING CLUB ACCOUNT HAS BEEN PLACED WITH US FOR COLLECTION" and that "This account was serviced by Lending Club . . ." A copy of this letter is attached as Exhibit C.

8. Before expiration of the 30-day validation notice, Vital sent Mr. Garvin another form collection letter, dated September 27, 2017, which stated, "[I]f you can't pay in full today, call us anyway." This letter stated that the "Current Creditor" was

"LendingClub Corporation".  A copy of this letter is attached as Exhibit D.

9. Violations of the FDCPA which would lead a consumer to alter his or her course of action as to whether to pay or whether to dispute a debt, or which would be a factor in the consumer's decision making process, are material, see, Lox v. CDA, 689 F.3d 818, 827 (7th Cir. 2012).  Defendant's conflicting collection demands left Plaintiff without the statutorily required information of how long he had to exercise his validation rights, or to whom the debt was owed – all of which is material information that would play a role in a consumer's decision of what to do about the collection of the debt at issue.

10. The identity of a consumer's current creditor is a critical piece of information, and the false identification of the creditor in a dunning letter would be likely to mislead a consumer in a material way and would cause the consumer to suffer a disadvantage in charting the course of action in response to the collection effort, see, Tourgeman v. Collins Financial Services, 755 F.3d 1109, 1121 (9th Cir. 2014); Janetos v. Fulton Friedman & Gullace, 825 F.3d 317, 324-325 (7th Cir. 2016).

11. Defendant's collection actions complained of herein (Exhibits C and D) occurred within one year of the date of this Complaint.

12. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692g(a)(2)
### Failure to Effectively Identify the Current Creditor

13. Plaintiff adopts and realleges ¶¶ 1-12.

14.     Section 1692g of the FDCPA requires that, within 5 days of Defendant's first communication to a consumer, they had to provide Mr. Garvin with an effective validation notice, containing, among other disclosures, "the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15.     In Vital's first letter, dated August 28, 2017, it listed the "Current Creditor" as "Consumer Lending Receivables Trust 2016-B" and Lending Club as the servicer of the account.  In Vital's second collection letter, dated September 27, 2017, it listed the "Current Creditor" as "LendingClub Corporation".  Thus, Vital's collection letters violate § 1692g(a)(2) of the FDCPA because they fail to identify effectively the name of the current creditor to whom the debt was owed, see, Janetos, 825 F.3rd at 324-25; see also, Long v. Fenton & McGarvey Law Firm P.S.C., 223 F. Supp. 3d 773 (S.D. Ind. 2016); Pardo v. Allied Interstate, No. 1:14-cv-01104-SEB-DML, 2015 U.S. Dist. LEXIS 125526 (S.D. Ind. Sep. 21, 2015); Deschaine v. National Enterprise Systems, No. 12 C 50416, 2013 U.S. Dist. LEXIS 31349 (N.D. Ill. Mar. 7, 2013); Walls v. United Collection Bureau, No. 11 C 6026, 2012 U.S. Dist. LEXIS 68079 (N.D. Ill. May 16, 2012); Braatz v. Leading Edge Recovery Solutions,  No. 11 C 3835, 2011 U.S. Dist. LEXIS 123118 (N.D. Ill. Oct. 20, 2011).

16.     Defendant's violations of § 1692g(a)(2) of the FDCPA render it liable for statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

### COUNT II
### Violation Of § 1692g –
### Ineffectively Conveying the 30-Day Validation Notice

17.     Plaintiff adopts and realleges ¶¶ 1-12.

18. Section 1692g(a) of the FDCPA also requires a debt collector to send the consumer defective validation notice within 5 days after the debt collector's initial communication with the consumer. The debt collector must notify the consumer that he or she has 30 days after receipt of the notice to challenge the validity or amount of the debt, and seek verification of it. Even if § 1692g(a) information is properly included in a communication from a debt collector to a debtor, the debt collector may not overshadow or contradict that information with other messages sent, see, 15 U.S.C. § 1692(b).

19. While Defendant's August 28, 2017 letter (Exhibit C) contained some of the information required by § 1692g(a) of the FDCPA, Vital rendered this notice ineffective by sending a second collection letter, dated September 27, 2017 (Exhibit D), before the 30-day validation period had expired. Vital's language in its September 27, 2017 collection letter (Exhibit D) – "If you can't pay in full today, call us anyway" – contradicts the language notifying Mr. Garvin of his validation rights under the FDCPA, because the 30-day validation period had not expired. Thus, the August 28, 2017 validation notice was ineffective, and Vital's form collection letters violate § 1692g of the FDCPA, see, Chauncey v. JDR Recovery Corporation, 118 F.3d 516, 518-519 (7th Cir. 1997).

20. Vital's violation of § 1692g of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT III
### Violation Of § 1692e Of The FDCPA –
### False, Deceptive, or Misleading Collection Actions

21. Plaintiff adopts and realleges ¶¶ 1-12.

22. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

23. Making a false statement of the name of the current creditor is a misleading statement which violates § 1692e of the FDCPA.  By first stating in the August 28, 2017 letter (Exhibit <u>C</u>) that the current creditor was "Consumer Lending Receivables Trust 2016-B" and then stating in the September 27, 2017 letter (Exhibit <u>D</u>) that the current creditor was "LendingClub Corporation", one of the letters falsely stated the name of the current creditor, because they both cannot be right.  Thus, Defendant Vital made a false statement as to who the current creditor was, in violation of § 1692e of the FDCPA.

24. Defendant's violation of § 1692e of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

**COUNT IV**
**Violation Of § 1692f Of The FDCPA --**
**Unfair or Unconscionable Collection Actions**

25. Plaintiff adopts and realleges ¶¶ 1-12.

26. Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, <u>see</u>, 15 U.S.C. § 1692f.

27. By first stating that the current creditor was "Consumer Lending Receivables Trust 2016-B" and then stating that the current creditor was "LendingClub Corporation", when only one of those claims is correct, Defendant used unfair or unconscionable means to collect a debt, in violation of  § 1692f of the FDCPA.

28.     Defendant's violation of § 1692f of the FDCPA renders it liable for statutory damages, costs, and reasonable attorneys' fees, <u>see</u>, 15 U.S.C. § 1692k.

## CLASS ALLEGATIONS

29.     Plaintiff, Paul Garvin, brings this action individually and as a class action on behalf of all persons similarly situated in the State of Indiana from whom Defendant attempted to collect a defaulted consumer debt allegedly owed originally to WebBank, via the same form collection letters (Exhibits <u>C</u> and <u>D</u>), that Defendant sent to Mr. Garvin, sent within 30 days of each other, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendant's form letters violate the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

30.     Defendant Vital regularly engages in debt collection, using the same form collection letters it sent Plaintiff Garvin, in its attempts to collect defaulted consumer debts from other consumers.

31.     The Class consists of more than 35 persons from whom Defendant Vital attempted to collect defaulted consumer debts by sending other consumers the same form collection letters it sent Plaintiff Garvin.

32.     Plaintiff Garvin's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

33. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendant has acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

34. Plaintiff Garvin will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendant's conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff Garvin has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Paul Garvin, individually and on behalf of all others similarly situated, prays that this Court:

1. Certify this action as a class action;

2. Appoint Plaintiff Garvin as Class Representative of the Class, and his attorneys as Class Counsel;

3. Find that Defendant's form collection letters violates the FDCPA;

4. Enter judgment in favor of Plaintiff Garvin and the Class, and against Defendant Vital, for statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

5. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Paul Garvin, individually and on behalf of all others similarly situated, demands trial by jury.

                                          Paul Garvin, individually and on
                                          behalf of all others similarly situated,

                                          By: /s/ David J. Philipps
                                          One of Plaintiff's Attorneys

Dated: January 31, 2018

David J. Philipps   (Ill. Bar No. 06196285)
Mary E. Philipps   (Ill. Bar No. 06197113)
Carissa K. Rasch   (Ill. Bar No. 06327475)(S.D. Ind. admission pending)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
carissa@philippslegal.com

John T. Steinkamp  (Ind. Bar No. 19891-49)
5214 S. East Street
Suite D1
Indianapolis, Indiana 46227
(317) 780-8300
(317) 217-1320 (FAX)
steinkamplaw@yahoo.com